Matter of Lamitie (2024 NY Slip Op 06508)

Matter of Lamitie

2024 NY Slip Op 06508

Decided on December 20, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, MONTOUR, GREENWOOD, AND HANNAH, JJ. (Filed Dec. 20, 2024.) 

&em;

[*1]MATTER OF WILLIAM J. LAMITIE, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 24, 1993, and he formerly maintained an office in Clay.
By order entered November 18, 2022, this Court suspended respondent, effective immediately and until further order of the Court, after he failed to respond to an order directing him and approximately 35 other attorneys to show cause why they should not be suspended for failing to comply with attorney registration requirements (Matter of Attorneys in Violation of Judiciary Law § 468-a, 211 AD3d 129, 131 [4th Dept 2022]). Respondent remains suspended pursuant to that order.
In January 2024, the Grievance Committee filed a petition alleging a single charge of misconduct against respondent alleging that he practiced law in violation of the order of suspension. Respondent was served with the petition in January 2024. He thereafter failed to file an answer within 20 days as required under the rules of this Court (see 22 NYCRR 1020.8 [b]). The Grievance Committee subsequently moved for an order, pursuant to 22 NYCRR 1240.8 (a) (6), finding respondent in default and deeming admitted the allegations of the petition based on his failure to file an answer. Although respondent did not file papers in response to the motion, he appeared on the return date thereof to advise the Court that he does not contest the allegations in the petition. Respondent was also heard in mitigation at that time. Consequently, we grant the motion of the Grievance Committee, find respondent in default, and deem admitted the allegations of the petition.
Respondent admits that, after he was suspended from the practice of law in November 2022, he failed to inform clients of the suspension and continued to represent certain clients, including appearing in several Social Security disability hearings and representing two clients in traffic matters pending in town court. When respondent was confronted with those allegations by counsel to the Grievance Committee on or about June 5, 2023, he admitted the alleged misconduct and fully cooperated in the investigation of the Committee.
Based on respondent's admissions, we find him guilty of professional misconduct and conclude that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 5.5 (a)—engaging in the unauthorized practice of law;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered the nature of respondent's misconduct as well as several mitigating factors, including: that respondent resumed complying with attorney registration requirements in December 2023; that no client was substantially harmed by the misconduct; that respondent fully cooperated in the investigation of the Grievance Committee; and that he was suffering from substantial health problems during the relevant time period. We have also considered respondent's expression of remorse for the misconduct, which we find to be sincere. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be suspended from the practice of law for a period of two years, effective nunc pro tunc to June 5, 2023.